J-A18013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                            :          PENNSYLVANIA
                                            :
                   v.                              :
                                            :
                                            :
KINOLL MCCORMICK                       :
                                            :
              Appellant                   :      No. 929 EDA 2023

Appeal from the PCRA Order Entered March 15, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0605161-2005

BEFORE: OLSON, J., DUBOW, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                      **FILED JULY 29, 2025**

Appellant, Kinoll McCormick, appeals from the order entered on March 15, 2023, which dismissed his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. In this appeal from the denial of PCRA relief, Appellant's counsel filed a petition to withdraw and a no-merit brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). As we conclude that counsel fulfilled the procedural requirements of **Turner**/**Finley** and that this appeal is without merit, we grant counsel's petition to withdraw and affirm the PCRA court's order denying Appellant post-conviction relief.

The trial court summarized the evidence presented during Appellant's 2006 jury trial:

On December 8, 2003, the decedent's mother, Muoy Cheng, was working in her small grocery store on South 17th Street in Philadelphia. Suddenly, at about 5:30 p.m., two African American men carrying guns entered her store. Her son also came in and was shot by the robbers. One then pointed his gun towards her and demanded money. She then ran from the cash register and the robbers fled. Ms. Cheng was unable to identify either of the killers.

Appellant's co-conspirator, Ronald Thomas, with whom the Commonwealth negotiated a plea agreement, testified against Appellant. He testified that on the day in question, he, together with Appellant and a third person, Lan Sam, agreed to commit a robbery. They discussed a number of potential places to rob and then decided to rob a jewelry store. They got into Sam's van and drove to the jewelry store. When they got there, Thomas decided that the store was too crowded. They then drove to a supermarket at 12th Street and Washington Avenue, but decided that it, also, was too crowded. As they were driving away, Sam got a call from one of his parents who asked him to pick up something from a store. They drove to 17th Street and Sam exited the van. He came back and said that the store was a perfect place to rob, as there was a lot of money in the cash register. It was the victim's mother's store. . . .

They stayed in the van for a while and smoked marijuana. They then drove away to get guns. Appellant went to a friend's house on 19th Street and later met up with the other two. Sam purchased two guns from the friend and they went back to Sam's house to plan out the robbery. Later the three conspirators met up with Appellant's cousin, David [Hollis], and the four of them drove to the victim's store. Appellant, Thomas and [Hollis], who had agreed to be the lookout, got out of the van. Sam was going to be the getaway driver. [Hollis] went into the store to check it out. He came out and said that there were no customers in there. Appellant, carrying a .25 caliber gun and Thomas, carrying a .38 went into the store. Appellant went to the register and Thomas stayed in the back. The decedent came in and, sensing that a robbery was about to occur, started walking towards Thomas. Thomas told him to stop and the decedent grabbed for Thomas' gun. Thomas and the decedent fell while wrestling for the gun. Appellant yelled for Thomas to kill him.

Thomas testified that during the struggle, he shot the decedent. Appellant then shot the decedent in the leg and the two of them fled.

The medical examiner, Dr. Gregory McDonald, testified that the victim suffered two gunshot wounds; one to the chest and one to the lower leg. He recovered a bullet from the victim's spine. The victim died as a result of the multiple gunshot wounds. Other forensic evidence indicated that the recovered bullet [was] either a .38 or a .357. In addition, a fired cartridge casing found at the scene was determined to have come from a .25 caliber gun.

Appellant's cousin, David Hollis, also testified. Although Hollis denied being part of the conspiracy he did testify that he was on the street outside the store when he saw Appellant and Thomas enter the store. He heard two gunshots and then saw the two of them run out, tucking guns into their waistbands. Later, Appellant admitted his involvement in the robbery/killing to Hollis.

The Commonwealth also presented evidence that Appellant fled from Philadelphia and was eventually arrested living in Norristown, [Pennsylvania] in March 2005.

Appellant testified on his own behalf. He admitted to being in the store and carrying a loaded .25 pistol. He stated that he was in the store by himself, buying a soda when Thomas ran in. Thomas said, "Don't move," and pointed a gun at Ms. Cheng. The decedent then came in and began struggling with Thomas over the gun. Thomas and the decedent fell and Appellant testified that he heard a gunshot. He then pulled his gun and fired at Thomas, whom he believed to be a robber. Appellant [then] ran from the store.

Trial Court Opinion, 10/12/07, at 2-5 (footnotes and citations omitted).

Appellant was convicted of second-degree murder, robbery, conspiracy, and possessing an instrument of crime.[1] On February 8, 2007, the trial court

_____

[1] 18 Pa.C.S.A. §§ 2502(b), 3701, 903, and 907, respectively.

sentenced Appellant to serve the mandatory term of life imprisonment. N.T. Sentencing, 2/8/07, at 10. We affirmed Appellant's judgment of sentence on April 30, 2008 and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on November 26, 2008. **Commonwealth v. McCormick**, 953 A.2d 834 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 962 A.2d 1196 (Pa. 2008).

In 2009, Appellant filed a timely *pro se* PCRA petition and the PCRA court appointed counsel to represent Appellant during the proceedings. The PCRA court denied Appellant post-conviction collateral relief and, on February 12, 2013, this Court affirmed the PCRA court's order. **Commonwealth v. McCormick**, 68 A.3d 360 (Pa. Super. 2013) (unpublished memorandum).

Appellant filed his second PCRA petition on September 19, 2013. The PCRA court dismissed this petition on July 19, 2018. PCRA Court Order, 7/19/18, at 1. Appellant did not file a notice of appeal from this order.

On August 7, 2018, Appellant filed the current PCRA petition, which is his third petition seeking post-conviction collateral relief. Third PCRA Petition, 8/7/18, at 1-3. Appellant privately retained counsel and counsel filed an amended petition on Appellant's behalf, raising the following claims for relief: 1) trial counsel was ineffective for failing to "seek funds to obtain a pathologist;" 2) trial counsel was ineffective for failing to request a new jury panel after his co-defendant pleaded guilty; and, 3) "[t]rial witness David Hollis [] recently admitted that the account he gave at trial regarding [Appellant's] involvement in the robbery and homicide . . . was false."

- 4 -

Amended Third PCRA Petition, 10/2/19, at 1-4. Further, Appellant attached an affidavit from David Hollis to his petition. This affidavit was dated September 13, 2019 and, in the affidavit, Mr. Hollis swore that the police coerced him into making a false statement, which implicated Appellant in the robbery and murder. Affidavit of David Hollis, dated 9/13/19, at 1-3.

On March 14, 2023, the PCRA court held a hearing on Appellant's petition, where David Hollis testified. In the end, Mr. Hollis testified: that he, Appellant, Ronald Thomas, and Lan Sam conspired to rob the corner store, located at 17th and Moore Streets in South Philadelphia; that Appellant and Ronald Thomas entered the store; and that, during the course of the robbery, Ronald Thomas shot and killed the victim. *See* N.T. PCRA Hearing, 3/14/23, at 81-87 (as Mr. Hollis testified, after the shooting, Appellant told him "that he told [] the lady to give him the money. . . . [T]he guy came out of the back and wrestled with [Mr. Thomas]. [Mr. Thomas] shot him").

At the conclusion of the hearing, the PCRA court denied Appellant relief and Appellant filed a timely notice of appeal. In this appeal, Appellant's counsel filed a petition to withdraw and a no-merit brief pursuant to ***Turner***/***Finley***. Counsel presents the following issue in the ***Turner***/***Finley*** brief:

> The PCRA court erred in dismissing Appellant's PCRA petition without a hearing despite Appellant raising genuine issues of material fact that have arguable merit, are supported by the record, and would entitle Appellant to relief as a matter of law.

Appellant's Brief at 3 (some capitalization omitted).

- 5 -

Prior to addressing the merits of the issue raised in the *Turner*/*Finley* brief, we must determine whether counsel met the procedural requirements necessary to withdraw. Counsel seeking to withdraw in PCRA proceedings

> must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court — [the PCRA] court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Muzzy*, 141 A.3d 509, 510–511 (Pa. Super. 2016) (citations and corrections omitted).

Here, counsel fulfilled the procedural requirements necessary for withdrawing as PCRA counsel. We thus turn to the claim raised in the *Turner*/*Finley* brief. As our Supreme Court has explained:

> In reviewing the grant or denial of PCRA relief, an appellate court considers whether the PCRA court's conclusions are supported by the record and free of legal error. Moreover, the factual findings of a post-conviction court, which hears evidence and passes on the credibility of witnesses, should be given deference. A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts.

> Indeed, one of the primary reasons PCRA hearings are held in the first place is so that credibility determinations can be made.
>
> . . .
>
> We will not disturb the findings of the PCRA court if they are supported by the record, even where the record could support a contrary holding. [An appellate court's] scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party.

*Commonwealth v. Flor*, 259 A.3d 891, 910-911 (Pa. 2021) (quotation marks, citations, and corrections omitted).

Appellant raised three claims in his PCRA petition. He claimed that: 1) trial counsel was ineffective for failing to "seek funds to obtain a pathologist;" 2) trial counsel was ineffective for failing to request a new jury panel after his co-defendant pleaded guilty; and, 3) "[t]rial witness David Hollis [] recently admitted that the account he gave at trial regarding [Appellant's] involvement in the robbery and homicide . . . was false." Amended Third PCRA Petition, 10/2/19, at 1-4. Appellant's first two claims are time-barred; Appellant's final claim fails on the merits.

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." *Commonwealth v. McKeever*,

947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we consider the underlying claims. ***Commonwealth v. Yarris***, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. ***See***, ***e.g.***, ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); ***Commonwealth v. Fahy***, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-476 (Pa. 2003).

We affirmed Appellant's judgment of sentence on April 30, 2008 and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on November 26, 2008. ***Commonwealth v. McCormick***, 953 A.2d 834 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 962 A.2d 1196 (Pa. 2008). Therefore, for purposes of the PCRA, Appellant's judgment of sentence became final at the end of the day on February 24, 2009, which was 90 days after the Pennsylvania Supreme Court denied Appellant's petition

for allowance of appeal and Appellant's time for filing a petition for writ of *certiorari* to the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . , or at the expiration of time for seeking the review"); ***see also*** U.S.Sup.Ct.R. 13.1. Under the terms of the PCRA, Appellant thus had until February 24, 2010 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(1). As Appellant did not file his current petition until August 7, 2018, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Appellant's first two claims allege that trial counsel was ineffective for failing to obtain a pathologist and for failing to request a new jury panel after his co-defendant pleaded guilty. Amended Third PCRA Petition, 10/2/19, at 1-4. As to these claims, Appellant did not attempt to plead a valid statutory exception to the PCRA's one-year time-bar. Thus, our "courts are without jurisdiction to offer [Appellant] any form of relief" as to these claims. ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011).

Appellant's final claim in his PCRA petition alleged that Commonwealth witness, David Hollis, had recently recanted his trial testimony, which

- 9 -

implicated Appellant in the robbery and second-degree murder of the victim. *See* Amended Third PCRA Petition, 10/2/19, at 1-4. As to this claim, Appellant arguably satisfied the PCRA's "newly discovered fact" exception to the one-year time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that . . . the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). Nevertheless, Appellant's claim fails on the merits.

Our Supreme Court previously explained:

> When seeking a new trial based on alleged after-discovered evidence in the form of recantation testimony, the petitioner must establish that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

*Commonwealth v. Johnson*, 966 A.2d 523, 541 (Pa. 2009) (citations omitted).

Moreover,

> [our Supreme] Court has repeatedly acknowledged the limitations inherent in recantation testimony, which has been characterized as extremely unreliable. In fact, [the Supreme Court has] remarked that there is no less reliable form of proof, especially where it involves an admission of perjury. For that reason, [our Supreme Court has] emphasized that, when addressing an after-discovered evidence claim premised on recantation testimony, the PCRA court must, in the first instance, assess the credibility and significance of the recantation in light of the evidence as a whole. Unless

> the PCRA court is satisfied that the recantation is true, it should deny a new trial.

***Commonwealth v. Small***, 189 A.3d 961, 977 (Pa. 2018).

Here, Appellant claimed that Mr. Hollis recanted his trial testimony, which implicated Appellant in the robbery and second-degree murder of the victim. However, the PCRA court held a hearing on Appellant's claim and, during this hearing, Mr. Hollis testified consistently with his trial testimony. Importantly, at the PCRA hearing, Mr. Hollis testified that Appellant conspired to rob the store and, during the course of this robbery, his co-conspirator shot and killed the victim. ***See*** N.T. PCRA Hearing, 3/14/23, at 81-87. Thus, Appellant's claim fails on the merits, as Mr. Hollis' testimony would not "likely compel a different verdict." ***See Johnson***, 966 A.2d at 541.

After review, we conclude that counsel complied with the procedural requirements for withdrawing as counsel and, under ***Turner/Finley***, the issues Appellant wished to pursue in his PCRA petition have no merit. Accordingly, we grant counsel's petition to withdraw and affirm the order denying Appellant post-conviction collateral relief.

Petition to withdraw as counsel granted. Appellant's *Pro Se* Application for Relief denied. Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/29/2025

- 11 -